**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


GAUTHIER, HOUGHTALING & WILLIAMS, LLP    *    CIVIL ACTION


VERSUS                                   *    NO. 08-1271


DAVID L. SPEAR OF EVENTS INC.            *    SECTION "F"
d/b/a CLASSIC FIREWORKS ET AL.


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.


Background

On New Year's Eve 1998, an off-duty sheriff's deputy, Eddie Beniot, was severely burned when a truck carrying a load of fireworks exploded near the Harvey Canal in New Orleans. Benoit filed a lawsuit in state court against Davyfire Inc., Davy Bickford SNC, and "Events, Inc. d/b/a/ Classic Fireworks," the pyro-technics

1

firm hired to coordinate the fireworks display.[1] The Louisiana Workers Compensation Corporation (LWCC) subsequently intervened in the lawsuit as a plaintiff. The case settled before trial and, as part of the settlement agreement, Benoit's trial counsel, Gauthier, Downing, LaBarre, Dean & Sulzer (now known as Gauthier, Houghtaling & Williams, LLP), agreed not to disclose any documents or work product related to the lawsuit.[2]

On December 20, 2007, the Gauthier firm filed this lawsuit in state court against all of the parties to the 2004 confidentiality agreement. In addition, Gauthier named two St. Louis-based law firms, Simon Passanante, PC (Simon & Passanante) and Fox, Heller, Gallagher & Finley, LLP (Fox & Heller) as defendants. According to the complaint, these firms currently represent plaintiffs in another lawsuit against Davyfire, Inc. in relation to a fireworks explosion that occurred in Florida in 2003. The Gauthier firm alleges that lawyers from Simon & Passanante and Fox & Heller fraudulently induced Gauthier attorneys to disclose documents that were protected by the 2004 confidentiality agreement. The Gauthier firm seeks declaratory relief in the form of a declaration that it did not violate the terms of the 2004 confidentiality agreement it

---

[1] Classic Fireworks was an operating company wholly owned by David Spear. According to the plaintiff, the company is no longer in business under that name, and Spear is the sole owner of all rights previously owned by Events, Inc. and Classic Fireworks.

[2] According to the plaintiff's complaint, the parties to the 2004 confidentiality agreement were: "the Gauthier Firm, Daveyfire, Davey Bickford, Louisiana Workers Compensation Corporation, and David Spear of Events, Inc. d/b/a Classic Fireworks."

entered as part of the Benoit settlement, or, in the alternative, that the St. Louis law firms are liable for any damages resulting from Gauthier's breach. Simon & Passanante removed the case to federal court based on diversity jurisdiction, claiming that the only in-state defendants, David Spear of Events, Inc. d/b/a Classic Fireworks and LWCC, were improperly joined.

## I.   Standard for Remand

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.   See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).   In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.   York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

The defendant urges the Court to disregard the citizenship of the in-state defendants because they were improperly joined. Alternatively, if the Court determines that the in-state defendants should be made party to this lawsuit, the defendant says that they should be realigned as plaintiffs.

A.   Improper Joinder Standard

The Fifth Circuit instructs that "[t]he burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party.  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983). The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  "[F]raudulent joinder must be proved with particularity and supported by clear and convincing evidence by the removing party." Doe v. Cutter Biological, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (internal quotation omitted). The Court, however, should not pre-try the case.  Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder.  Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same.  See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted). A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." Green, 707 F.2d at 204. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder. Travis, 326 F.3d at 648.

### B.  Application

The two in-state defendants in this lawsuit are "David L. Spear of Events, Inc. d/b/a Classic Fireworks" and LWCC. The defendant claims that neither defendant has an "interest in the validity of the confidentiality provision at issue" in the lawsuit. The defendant argues that the Gauthier firm has no basis for recovery from "David L. Spear of Events, Inc. d/b/a Classic Fireworks" for two reasons. First, it contends that, because David Spear was not named as an individual defendant in the Benoit litigation, he lacks standing to enforce the non-disclosure provisions of the 2004 settlement agreement. Second, Simon & Passanante argues that, even to the extent that Spear can assert the legal interest of Classic Fireworks--his wholly-owned

business--Classic Fireworks is "no longer in business and has not been involved in any related litigation such that [Gauthier's] breach of the [Confidentiality] Agreement would have any bearing on Classic Fireworks." Similarly, Simon & Passanante submits that, LWCC "has no interest whatsoever in the confidentiality provision set forth in the agreement."

Under Louisiana law governing declaratory judgments, a person interested under a "written contract or other writing constituting a contract. . . or whose rights, status, or other legal relations are affected" by a contract, may have determined "any question of construction or validity" and obtain a "declaration of rights, status, or other legal relations thereunder." La. C.C.P. art. 1872. Declaratory judgment may be rendered "whether or not further relief is or could be claimed," La. C.C.P. art. 1871, and a "contract may be construed either before or after there has been a breach thereof," La. C.C.P. art. 1873. "The function of a declaratory judgment," state courts hold, "is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done." ANR Pipeline Company v. Louisiana Tax Commission, 815 So.2d 178, 185 (La. App. 1st Cir. 2002), affirmed and remanded, 851 So.2d 1145; Wooley v. State Farm Fire and Cas. Ins. Co., 928 So.2d 618, 621. (La. App. 1st Cir. 2006). Simon & Passanante  has not demonstrated that declaratory relief is not contemplated as the type of "recovery" sufficient to defeat a claim of fraudulent joinder. See  Welch v. A.G. Edwards & Sons, Inc., 1993 WL 501603 *3 (E.D. La. 1993). And this Court is

6

unable to conclude that there is no reasonable basis to predict
that plaintiff might be able to obtain declaratory relief adverse
to the in-state defendants. Accepting the Gauthier firm's
allegations as true and considering them in a light favorable to
plaintiff, they are, at minimum, sufficient to state a reasonable
basis for recovery against "David L. Spear of Events, Inc. d/b/a
Classic Fireworks" under Louisiana law. See e.g., Winchester
Navigation Ltd. v. Kennedy Funding, Inc. et al., 2001 WL 1117245
(E.D. La. 2001) (Clement, C. J.), citing Scott v. Chevron U.S.A.,
Inc., 824 F.Supp 613, 614 (N.D. Miss. 1993) (refusing to find
improper joinder because removing defendant did not prove plaintiff
could not obtain a recovery from insolvent debtor's principals
based on an alter ego theory). This is true regardless of whether
David Spear or Classic Fireworks is involved in the litigation
pending in St. Louis. Further, the Court does not agree that the
in-state defendants should be realigned as plaintiffs. The Gauthier
firm was in possession of documents and information from the Benoit
litigation that were protected by the confidentiality agreement.
According to factual allegations in the complaint, some of the
protected material may have been disclosed to the law firms
representing plaintiffs' in the fireworks litigation pending in St.
Louis against defendants in the fireworks industry. The Court is
not satisfied that the interests of David Spear d/b/a Classic
Fireworks (a fireworks operator and beneficiary of the
confidentiality agreement) are  more closely aligned with the
Gauthier firm than with the likes of Daveyfire, Inc. The fact that

7

Gauthier has, in the alternative, asserted claims for indemnification against Simon & Passanante  and Fox & Heller does not alter this conclusion. Accordingly,

IT IS ORDERED: The plaintiff's motion to remand is GRANTED, and the case is hereby REMANDED.

New Orleans, Louisiana, May 14, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT